# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| GREGORY SWINTON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-cv-659  (SRU) |
| | : | |
| CARSON WRIGHT, et al., | : | |
| Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER RE AMENDED COMPLAINT

Plaintiff Gregory Swinton, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983.  Swinton alleges that the defendants deprived him of a proper diet for fifty-seven days in violation of his rights under the Eighth Amendment.  Swinton named as defendants Dr. Carson Wright and the Northern Medical Center.  On May 9, 2016, I entered an Initial Review Order dismissing all claims against Northern Medical Department and affording Swinton the opportunity to file an amended complaint against Dr. Wright.   Swinton has filed a motion to amend his complaint (doc. # 10). That motion is granted and I now consider the amended complaint and supplemental statement of facts.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. § 1915A.  Although detailed allegations are not

required, the complaint must include sufficient facts to afford the defendants fair notice of the

claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-

established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the

strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)

(quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy*

*v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro*

*se* litigants).

I.      Allegations

        Swinton is allergic to eggs and soy products.  He was on a medical diet free from eggs

and soy products.  On February 17, 2016, Dr. Wright ordered that Swinton be taken off the

medical diet.  Swinton wrote several requests to Dr. Wright but received no response.

        Swinton showed outside documentation of his allergies to several nurses and wardens.

All told him that he had to see Dr. Wright to have his medical diet restored.  Swinton was unable

to eat any of the meals provided from February 17, 2016, until April 8, 2016.

        Dr. Wright saw Swinton after he had been without his medical diet for 36 days.

Although Swinton showed Dr. Wright the documentation, Dr. Wright denied his request.

Following this visit, Swinton asked the deputy wardens and correctional officers to log all meals

that contained soy or eggs.  They logged 146 meals.  The deputy warden asked Dr. Wright to

place Swinton back on his diet.  On April 4, 2016, after receiving this request, Dr. Wright

ordered a blood test to determine whether Swinton was actually allergic to eggs and soy.

Swinton's diet was restored several days after the test results came back.

II.    Analysis

      To state a claim for deliberate indifference to a serious medical need, Swinton must show

both that his medical need was serious and that Dr. Wright acted with a sufficiently culpable

state of mind.  *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v.*

*Gamble*, 429 U.S. 97, 104-05 (1976)).  There are objective and subjective components to the

deliberate indifference standard.  Objectively, the alleged deprivation must be "sufficiently

serious."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Subjectively, the defendant, Dr. Wright,

must have been actually aware of a substantial risk that the inmate would suffer serious harm as

a result of his action or inaction.  *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006).

Negligence that would support a claim for medical malpractice does not rise to the level of

deliberate indifference and is not cognizable under section 1983.  *See id.*

      Food allergies may constitute a serious medical need if they prevent the inmate from

receiving a nutritionally adequate diet.  *See Sweeting v. Miller*, No. 7:14CV187, 2015 WL

4773276, at *3 (W.D. Va. Aug. 12, 2015) (citing cases).  To state a cognizable claim, the inmate

must allege facts showing that the diet he was provided was not nutritionally adequate to sustain

his health.  *See Witschi v. North Carolina Dep't of Public Safety*, No. 1:14-cv-68-FDW, 2014

WL 3735135, at *2 (W.D.N.C. July 29, 2014) (citing cases).

      Swinton alleges that he was unable to eat 146 of the meals served over the 57 days that he

was denied his medical diet.  This allegation is sufficient to support a claim for deliberate

3

indifference to a serious medical need.

III.     Motion for Appointment of Counsel

Swinton has filed a second motion seeking appointment of *pro bono* counsel in this

action pursuant to 28 U.S.C. § 1915.  The Second Circuit repeatedly has cautioned the district

courts against the routine appointment of counsel.  *See, e.g.*, *Ferrelli v. River Manor Health Care*

*Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir.

1997).  The Second Circuit also has made clear that before an appointment is even considered,

the indigent person must demonstrate that he is unable to obtain counsel.  *Saviano v. Local 32B-*

*32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173

(2d Cir. 1989)).

Swinton has attached to his motion letters from two law firms declining representation.

Swinton does not indicate in his motion that he has made any attempt to contact Inmates' Legal

Aid Program, the organization under contract with the Department of Correction to provide legal

assistance to Connecticut inmates.  Absent a denial of assistance by Inmates' Legal Aid Program

or a showing that the assistance available is insufficient at this stage of litigation, the plaintiff

cannot demonstrate that he is unable to obtain legal assistance on his own.

Accordingly, Swinton's motion for appointment of counsel is denied without prejudice.

IV.     Conclusion

Swinton's motion to amend [**Doc. #10**] is **GRANTED**.  His motion for appointment of

counsel [**Doc. #12**] is **DENIED** without prejudice.

The Court enters the following orders:

4

(1)     **The Clerk shall** verify the current work address for Dr. Wright with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Rule 4(d) of the Federal Rules of Civil Procedure.

(2)     **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)    If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 28th day of June 2016 at Bridgeport, Connecticut.


   /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge