UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GREGORY SWINTON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:16-cv-659 (SRU) |
| | : | |
| CARSON WRIGHT, et al., | : | |
|     Defendants. | : | |

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

    Gregory Swinton has filed a motion seeking to compel discovery responses in this case. Swinton states that the defendants have not produced five items. Swinton states that three of the items will help him identify possible witnesses. The other two items seek personnel records for Dr. Wright and information regarding any malpractice actions filed against him. In opposition to the motion, Dr. Wright contends that Swinton has not complied with court rules.[1]

    I will consider the motion on its merits. Swinton seeks five items: (1) a list of all nurses working at Northern Correctional Institution; (2) the Northern Correctional Institution log book from March 15-17, 2016; (3) the personnel records of Dr. Carson Wright; (4) information regarding whether Dr. Wright has been sued for malpractice with documents; and (5) a list of all correctional officers working in cell block One East from February through April 2016.

    First, Swinton seeks a list of all nurses working at the correctional facility. He states that he requires this list to identify potential witnesses. Dr. Wright objected to this request as

---

[1] It is somewhat ironic that the Attorney General's office seeks to enforce a meet and confer requirement. That

overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In opposition to the motion to compel, he states that Swinton has been provided his complete medical file and the names of any nurses involved in his treatment are included in the file. The production of a list of all nurses at Northern Correctional Institution is not necessary because defendants have an obligation under Rule 26(a) to identify witnesses. If the defendants have not identified the nurses who are potential witnesses in this case, they should do so promptly.

Second, Swinton seeks a copy of the institutional log book for three days. He states that "these dates that the plaintiff requested is identify the first days went the plaintiff reported that he wasn't eating." ECF No. 24 at 3. Dr. Wright objected to this request as vague and overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In opposition to the motion to compel, he states that Swinton's medical records are sufficient for him to identify any claims regarding his diet, and that Department of Correction officials are reluctant to provide log books to unrepresented inmates for safety and security reasons and privacy concerns. Swinton acknowledges that all information regarding the housing unit and the inmates confined there is recorded in the log book. Nearly all of that information is not relevant to this action. The plaintiff's request is denied as overbroad. The defendants shall, however, provide Swinton with the dates that their records indicate Swinton first reported he was not eating.

Third, Swinton requests Dr. Wright's personnel records. He states that the records are needed to demonstrate Dr. Wright's indifference to his complaints. Dr. Wright objects on the ground that this request is irrelevant, harassing and not intended to lead to the discovery of

---

office routinely moves for extensions of time and notes that it did not seek the plaintiff's consent, as required by rule, because plaintiff is incarcerated.

admissible evidence. In opposition to the motion to compel, he adds that his conduct is not in dispute in this case and that his personnel file is precluded from disclosure by state statute.[2] Dr. Wright contends that his conduct is not in dispute; the question is whether under the circumstances of this case, that conduct constitutes deliberate indifference to a serious medical need. I cannot discern how information in Dr. Wright's personnel file will assist Swinton in establishing his claim. This request for the personnel file is denied.

Fourth, Swinton seeks information and documents regarding whether Dr. Wright has been sued for malpractice. Initially, Dr. Wright objected to the request as irrelevant, harassing and not reasonably calculated to lead to the discovery of admissible evidence. In response to Swinton's second discovery request, Dr. Wright concedes that he has been sued by inmates for malpractice during the previous five years. Swinton argues that documents regarding prior malpractice actions are needed to challenge Dr. Wright's credibility. It is not apparent how documents relating to other prisoners' malpractice claims will bear on Dr. Wright's credibility. The request is denied.

Fifth, Swinton requests a list of all correctional officers working in cell block One East from February through April 2016. Swinton claims the names will reveal additional witnesses who can testify that he did not eat for 57 days. Dr. Wright objected to this request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Further, Dr. Wright notes that Swinton's medical records document his claims. I agree that this request is

---

[2] Conn. Gen. Stat. § 18-101f provides that employee personnel files are not subject to disclosure to inmates under the state Freedom of Information Act. Because Swinton is not seeking the records under the Freedom of Information Act, that statutory prohibition does not apply.

overbroad. The issue in this case is not whether Swinton refused all meals for 57 days, but whether Dr. Wright was deliberately indifferent to serious medical needs by failing to order a special diet immediately upon Swinton's request that the diet be re-ordered. Nevertheless, the defendants must comply with their Rule 26 obligations to identify potential witnesses in the case. To the extent that the defendants have not disclosed potential witnesses in this case, including corrections officers who witnessed Swinton's alleged hunger strike, they should do so promptly.

Swinton's motion to compel [**ECF No. 24**] is **GRANTED** in part, and **DENIED** in part.

**SO ORDERED** this 27th day of February 2017 at Bridgeport, Connecticut.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge